## BARBE v. BOONE.

### No. 5094.

Court of Appeal of Louisiana.
Second Circuit.

June 2, 1936.

W. C. Roberts, of Alexandria, for appellant.

Gus A. Voltz, of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiff leased her farm of 140 acres of cultivated land to defendant for a stipulated annual cash rental for a term of 5 years, beginning January 1, 1930. He executed to her his notes to represent each year's rent, the last two maturing being for $500 each. Rent for the years 1930 and 1931 was promptly paid when due. At the close of the 1932 farming season, he paid half of the rent for that year and, at the close of the 1933 season he paid $253 only. This payment to some extent was evidently imputed to the 1932 note and, at the close of 1934, under the new contract between the parties, according to plaintiff's contention, there was a balance of $385.17 due on the 1933 note. In the early part of 1934, the parties mutually abrogated the lease contract, in so far as its unexpired term was concerned, and made a new agreement whereby defendant leased some 20 acres of the land, with the buildings thereon, on a quarter crop rental basis, and agreed to supervise and oversee the farming operations on the balance of the tract during the year, which was being tilled by share croppers of plaintiff.

In December, 1934, plaintiff's husband, as her agent, voluntarily surrendered to defendant the note given for the 1934 rent. She then instituted the present suit to recover the balance of $385.17 on the 1933 note, plus 8 per cent. interest and 10 per cent. attorney's fee stipulated therein. Under appropriate allegations, a writ of provisional seizure issued and personal property of defendant was seized.

Defendant moved to dissolve the writ on the ground that it wrongfully and improvidently issued, coupling therewith a denial of any indebtedness to plaintiff at the time the writ issued, because if any amount had been previously due by him to plaintiff, same had been fully compensated and set off, in this, to wit, that in the early part of the year 1934, he was employed by plaintiff as her farm manager to manage and supervise her plantation (the land originally leased, less the 20 acres referred to) from April 1, 1934, to January 1, 1935, for which services he was to be paid a fair and reasonable compensation, and which he avers were well worth $50 per month, or $450 for the term of 9 months. He further avers that while acting as farm manager for plaintiff, he purchased and furnished to her 968 lbs. cotton seed, at a cost of $14.52, 6 sacks cotton seed meal, at a cost of $8.10, and that during said time he rented to her two of his mules for 47 days, at $1.50 per day, or a total of $70.50, making a complete total of $93.12. This total, plus $450 alleged to be due on salary account, he pleads in compensation and set-off against the amount for which he is sued, leaving a balance of $159.95 due him. He sues for $150, the fee of counsel employed to dissolve the writ. This motion, because in the main it partakes of the nature of an answer, was referred to the merits and defendant was given the right to amend by supplemental answer. This was done. No new issue is raised therein, save an additional claim against plaintiff of $80.85, for cash alleged to have been advanced by defendant to take care of plaintiff's farm pay rolls. He prays for judgment, in the supplemental answer, for $250.34, the difference between the amount he asserts plaintiff is due him and that which he admits he owes her on the 1933 rent note.

There was judgment for plaintiff in the amount sued for and in favor of defendant for $505.50, composed of $450 salary and $55.50 mule rent; the writ of provisional seizure was dissolved with the right reserved to defendant to sue for all damages resulting therefrom. Each side was cast for one-half of the court costs and each secured order of appeal. Plaintiff only perfected an appeal. Appellee has not answered, therefore, the correctness or incorrectness of the lower court's rejection of a portion of defendant's demand against plaintiff is not before us.

When the transactions happened, out of which this suit arose, plaintiff and her husband resided in Houston, Tex. After defendant defaulted in payment of the 1933 rent, Mrs. Barbe directed her husband to come to Louisiana and take charge of the land leased to defendant. This was done, following which the new agreement with defendant was entered into. The most serious issue arising in the case is whether, under this new contract, defendant is entitled to recover any salary at all for the services he rendered as farm manager; and if so entitled, the amount thereof. The authority of Mr. Barbe, as his wife's agent, to employ defendant to perform the duties he discharged in that capacity is not seriously assailed by plaintiff. Mr. Barbe, it appears, is not an experienced farmer, while

it is conceded that defendant is a very competent one. We are impelled to the conclusion that at the beginning of farming activities in 1934, it was well understood between Barbe, acting for his wife, and defendant, that the former would devote most of his attention to the financial side of the farming operations, while the latter would give his time and attention to supervision of the farming itself. This setup between them was adhered to until the crop was gathered. Barbe contends stoutly that he did not agree expressly or impliedly to pay defendant any amount for his services as overseer or manager, and that such was not contemplated by the new agreement, but gave the following significant testimony touching on that subject:

"Q. What, if anything, Mr. Barbe, did you allow Mr. Boone for his work as overseer on his supervisory work? A. As I say, there was no agreement to allow him anything but I gave him $500.00 (referring to the 1934 note)."

While it is true that the cancellation of the original lease contract for the year 1934 and resumption of possession of the land therein described by plaintiff operated an extinguishment of the 1934 note, yet this testimony of Barbe undoubtedly reveals on his part a consciousness that defendant's services were worth something and that he was entitled to compensation therefor. Defendant and his wife both testify that Barbe agreed to compensate him reasonably for his services at the end of the year. There is other evidence in the case corroborative of this. It is unreasonable to think, and contrary to human experience, that defendant, or any one else, would gratuitously oversee and manage farming activities on a 120-acre place for 9 months. He paid the rent due by him for the use of the 20-acre tract, and was extended no special considerations in connection therewith which, in any sense, would commensurately compensate him for his services as manager.

Virtually all of the testimony bearing directly upon the value of services of the character rendered by defendant to plaintiff as manager or overseer fix same at $50 per month. The lower court accepted this testimony at its face value and gave judgment accordingly. While we regard the amount as quite liberal, all things considered, yet we are not prepared to say, in view of the evidence in support thereof, that it is excessive. If we should not be guided by this testimony, then there is none in the record to warrant us in fixing a different basis of compensation for the services. We would have to adopt an arbitrary award. This we do not feel justified in doing.

The lower court allowed defendant's claim for the use of the mules, less $15, the expense of feeding them while being worked. There is no serious dispute over this allowance.

For the reasons assigned, the judgment appealed from is affirmed; costs of appeal are assessed against plaintiff.